IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *ROOSEVELT WALKER*, <br>     Plaintiff, <br> <br> *v.* <br> <br> *CREDIT ACCEPTANCE CORPORATION* <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Roosevelt Walker, by his counsel, Paúl Camarena, respectfully complains as follows:

### Introduction.

1) The Fair Credit Reporting Act mandates that purported creditors disclose consumers' disputes of debts when purported creditors report debts to consumer reporting agencies. Defendant Credit Acceptance Corp. failed to disclose that Mr. Roosevelt Walker disputed a particular debt, although Credit Acceptance Corp. reported that debt to consumer reporting agencies. Thus, Defendant Credit Acceptance Corp. violated the Fair Credit Reporting Act.

### Jurisdiction and Venue.

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this case because this case arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)2), the Northern District of Illinois, Eastern Division, is the proper venue because the Eastern Division is where a substantial part of the events and omissions giving rise to this action occurred.

### Parties.

3) Plaintiff Roosevelt Walker is a "consumer" as that term is defined in 15 U.S.C. §

1681a(c).

4) Defendant Credit Acceptance Corp. is a "person" as that term is defined in 15 U.S.C. § 1681a(b) ("[t]he term 'person' means any individual, partnership, corporation"). Defendant Credit Acceptance Corp. is also a Corporation incorporated in the State of Michigan and authorized to transact business in Illinois.

### Facts.

5) Since at least April 2020, Defendant Credit Acceptance Corp. has been reporting to consumer reporting agencies that Mr. Walker defaulted on a loan, which Defendant purportedly advanced in 2015.

6) Several months ago, Mr. Walker, while he was in the Eastern Division, disputed the accuracy of Defendant Credit Acceptance Corp.'s reporting with consumer reporting agencies; and, upon information and belief, the consumer reporting agencies forwarded Mr. Walker's dispute to Defendant and Defendant received that dispute.

7) Although Defendant Credit Acceptance Corp. was aware that Mr. Walker disputed Defendant's reporting of the purported debt, upon information and belief, Defendant made the decision to continue reporting the disputed debt without any notation of the dispute.

8) Because Defendant Credit Acceptance Corp. failed to report to a credit reporting agency that the debt is disputed, the plaintiff suffered a real risk of financial harm caused by an inaccurate credit rating.

### Cause of Action.

9) The Fair Credit Reporting Act, in 15 U.S.C. § 681s-2(b)(1)(D), states that, "[a]fter receiving notice [ ] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall[, ] if the investigation

finds that the information is incomplete or inaccurate, report those results." Hence, "[i]f a consumer disputes the accuracy of credit information, the FCRA requires furnishers to report that fact when reporting the disputed information." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009). Further, "after receiving notice of dispute, a furnisher's decision to continue reporting a disputed debt without any notation of the dispute presents a cognizable claim under § 1681s-2(b)." *Id.*, citing *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 150 (4th Cir. 2008).

10) Defendant Credit Acceptance Corp. willfully violated 15 U.S.C. § 681s-2(b)(1)(D) by making the decision to continue reporting the disputed debt without any notation of Mr. Walker's dispute.

## Prayer for Relief.

WHEREFORE, Roosevelt Walker prays that this Court hold a trial by jury and enter judgment in his favor (and against Defendant Credit Acceptance Corp.) for his actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a).

       Respectfully submitted,
       Plaintiff's, Roosevelt Walker's, Counsel
       North & Sedgwick, L.L.C.
by:   */s/ Paúl Camarena*  .
       Paúl Camarena, Esq.
       500 So. Clinton, No. 132
       Chicago, IL 60607
       paulcamarena@paulcamarena.com
       (312) 493-7494